# SUPREME COURT.

JAMES H. GREENSWARD agt. UNION DIME SAVINGS INSTITUTION.

*Restriction of examinations before trial — Motion to define and limit the scope of the examination — The proper course.*

Where the main purpose of an examination of parties before trial, as dis-
closed by the affidavit on which the order for the examination was
made, seemed to be designed to establish the ultimate fact of an indicta-
ble offense in which the plaintiff confesses himself guilty with the
defendants:

*Held,* that it is not competent to compel the defendants to testify to any
evidentiary fact, such as the execution of certain deeds and the like,
which have a tendency to establish what might result in a criminal
charge against them, or which will subject them to a penalty.

Parties to a suit have the right to be protected from inquiries of this kind,
and the proper course to be pursued is by motion to limit the exam-
ination to legitimate matters rather than by objection to the several
questions as they may be propounded, or by the advice of counsel to
his clients that they are shielded by the statute from answering.

*N. Y. Chambers, September,* 1880.

JAMES H. GREENSWARD, a lawyer, sued the Union Dime
Savings Institution and its trustees to recover $5,000 for
alleged services in taking care of eleven houses and lots in
Forty-seventh street and Lexington avenue during two years
from November, 1876. The plaintiff says that the savings
bank purchased this property, on which it held first mort-
gages to a large amount, from the receiver and assignee in
bankruptcy of the estate of Anson B. Birdsall; that the bank
and its trustees desiring to have the title to the property taken
in the name of some third person induced him to take such
title, he giving back to the bank mortgages upon the property
and a reconveyance of the title, the deed to him being recorded,
while the deed by him to the bank was, by mutual agree-
ment, withheld from record. The defendants, plaintiff alleges,

promised to pay him for taking charge of and endeavoring to effect a sale of the property. The defense is that plaintiff, during the time mentioned, was in the employment, as clerk, of John H. V. Arnold, one of the defendants and counsel for the bank, and that whatever services plaintiff rendered were as such clerk and had been fully paid for; that the bank had surrendered to plaintiff the bonds and mortgages, and obtained from him a release of all claims in respect to this property. The plaintiff obtained from judge BEACH, in supreme court chambers, an order requiring three of the defendants, Napoleon J. Haines, Gardner S. Chapin and Aaron Close, to submit to an examination as parties before trial. Then the case came before judge MACOMBER upon a motion by defendants to define and limit the scope of the examination, it being claimed that plaintiff was precluded from examining the defendants as to any oral understanding in the matter, he having himself testified, in November, 1877, before William J. Best, bank examiner, that he had instructed Mr. Arnold to bid for the property for him at the sale of the bankrupt's estate; that fifty dollars was the amount of the bid, and that the purchase was not suggested by Arnold as a cover or blind to conceal the ownership, which was in the savings institution; that his idea was that if real estate went up there might be something in them, but since it had gone down he would give a deed to the bank for the houses.

*S. C. Conable*, for plaintiff.

*William H. Arnoux*, for defendants.

MACOMBER, J. — In granting the application, said: It cannot be permitted to the plaintiff to ask of the defendants on this examination any question which will tend to establish the fact as alleged in the complaint and in the plaintiff's affidavit, that the title to the lands mentioned was taken in the name of the plaintiff, and mortgages were executed by him to the

Greensward agt. Union Dime Savings Institution.

corporation for the purpose of enabling the bank to pass a proper examination at the hands of the bank examiner. It has long been enacted by statute that a witness shall not be required to give any answer which will have a tendency to accuse himself of any crime or misdemeanor, or to expose him to any penalty or forfeiture (2 *Stat. at Large,* 422, *sec.* 71; *Code Civil Procedure, sec.* 837). The main purpose of the examination, as disclosed by the affidavit, seems to be designed to establish the ultimate fact of an indictable offense, in which the plaintiff confesses himself guilty with the defendants. It is clearly not competent to compel the defendants to testify to any evidentiary fact, such as the execution of the deeds and the like, which have a tendency to establish what might result in a criminal charge against them, or which will subject them to a penalty. I do not, of course, speak of what the truth is in the case as to the imputation made against the defendants. Parties to a suit, without reflection upon their integrity in making the objection, have the right to be protected from inquiries of the kind; and their counsel has, in my judgment, pursued the proper course by motion to limit the examination to legitimate matters, rather than by objection to the several questions as they may be propounded, and by advice to his clients that they are shielded by the statute from answering them. There may, perhaps, be some difficulty in defining so accurately as to cover all questions upon what subjects the defendants may be examined, but the foregoing does, I think, indicate sufficiently clearly for guidance of counsel the proper limitation of the examination.