OAKES v. STAR CO.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. DISCOVERY—EXAMINATION OF PARTIES—SUBJECT-MATTER—MATERIALITY.

Code Civ. Proc. § 872, subd. 4, rule 82, provides that, to entitle a party to examine his adversary as a witness before trial, it must be shown by the recitation of appropriate facts and circumstances that the testimony sought to be elicited is material and necessary for the party making the application. In a libel action, defendant sought to prove by the plaintiff in mitigation of damages that plaintiff had been guilty of specific acts or instances of misconduct, seeking thereby to prove that her reputation for chastity was bad. Held, that such evidence would be inadmissible upon the trial, and consequently cannot be considered necessary or material, so as to come within the provisions of the statute.

2. LIBEL—ACTION—AVERMENTS OF CHASTE CHARACTER—ISSUES.

In an action for libel, an averment that the defendant, maliciously intending to injure plaintiff in her good name, fame, and reputation, published a libel concerning her, does not amount to an averment as to her chaste character and good reputation, which can be put in issue by a denial.

**8. DISCOVERY—ORDER—OPERATION AND EFFECT.**
　　The inclusion, in an order denying the motion to vacate an order for the examination of plaintiff before the trial, of a stay of the trial, and all proceedings on the part of plaintiff until she should submit to an examination, was unauthorized, since this could only be granted upon a proper motion to that effect, and for cause shown.

Appeal from Special Term, New York County.

Action by Adeline Estelle Sullivan Oakes against the Star Company. From an order denying plaintiff's motion to vacate the order for her examination before trial, plaintiff appeals. Reversed and remanded.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Franklin Bien, for appellant.
Clarence J. Shearn, for respondent.

SCOTT, J. While this court has somewhat relaxed the strict rules which have heretofore so operated as to greatly restrict the right of a party to examine his adversary as a witness before trial, it has not been our purpose to permit the disregard of the provision of law relative to the facts necessary to be shown in order to obtain an order for such examination, or to permit such an examination to be had when it is apparent that no useful purpose can be served. It is still necessary to show, by the recitation of appropriate facts and circumstances, that the testimony sought to be elicited is material, and necessary for the party making the application (Code Civ. Proc. § 872, subd. 4, rule 82), and it is incumbent upon the party seeking the examination to make this fact appear. The present action is for libel, and the defendant seeks to examine the plaintiff before trial for the purpose of showing by her own testimony as to specific acts that she is of unchaste character, and that her reputation for chastity is bad. The pleadings are not included in the moving papers, and we have therefore no means of knowing what the alleged libel was, or what the defense is, except that it is stated generally to be "general denial, privilege, and partial defenses in mitigation and reduction of damages." It appears, therefore, that the defendant does not attempt to justify the alleged libel, whatever it may be, and the examination of plaintiff is not required to establish any fact necessary or material to justification. It is to be used, as clearly appears both from the papers on appeal and the defendant's brief, if at all, in mitigation or reduction of damages. What the defendant seeks to do, therefore, is to prove by the plaintiff as a witness for defendant, in mitigation or reduction of damages, that such plaintiff has been guilty of specific acts or instances of misconduct, seeking thereby to prove that her reputation for chastity is bad. Such testimony would be inadmissible upon the trial, and consequently cannot be considered necessary or material. Cudlip v. N. Y. Evening Journal Pub. Co., 180 N. Y. 85, 72 N. E. 925.

The defendant seeks to sustain the order for examination because, as is contended, the plaintiff has affirmed her chastity and good reputation, which the defendant by denying has put in issue. As has been said, the pleadings are not certified as having been included in the motion papers, and are not before us. If the defendant thinks that

anything in them could support the order, it was its duty to have laid them before the court. We are therefore left to rely upon the affidavit of defendant's secretary and counsel for information as to the allegations of the complaint. He says that the plaintiff avers that the defendant, "maliciously intending to injure this plaintiff in her good name, fame, and reputation," published a libel concerning her. This does not amount to an averment tendering an issue as to her chaste character and good reputation, and even if it did would not justify the present order. The authorities upon which defendant relies go only to the extent of saying that where a plaintiff unnecessarily alleges her good character and the defendant takes issue thereon, the plaintiff may offer testimony in support of her allegations. They do not hold that .in such a case the defendant may prove specific instances of misconduct in support of its denial of good character. Stafford v. Morning Journal Ass'n, 142 N. Y. 598, 37 N. E. 625; White v. Newcomb, 25 App. Div. 397, 49 N. Y. Supp. 704.

If defendant desires to question the plaintiff's character and reputation for chastity, it can do so only in two ways: First, by cross-examination of the plaintiff herself if she should be used as a witness, and, in that case, such cross-examination may extend to any specific acts occurring before or after the publication down to the trial, as bearing upon her credibility as a witness as well as upon her character for injury to which damages are sought to be recovered; and, second, by calling witnesses as to the general reputation of the plaintiff at and prior to the time of the publication of the alleged libel. But witnesses may not be called to prove specific acts on the part of the plaintiff, occurring before or after the date of the publication, either to attack her credibility or her character. Wuensch v. Morning Journal Ass'n, 4 App. Div. 111–116, 38 N. Y. Supp. 605. The defendant seeks to examine plaintiff as its own witness, and, as it is clear that the testimony sought to be elicited could not be received upon the trial, unless brought out on cross-examination, it is apparent that the evidence cannot be said to be material. The inclusion, in the order denying the motion to vacate the order for examination, of a stay of the trial, and all proceedings on the part of plaintiff until she should submit to an examination, was wholly unauthorized. No motion for such a stay was before the court. Under certain circumstances it might be proper to issue such a stay until an examination should be had, but only upon a proper motion to that effect and for cause shown.

The order appealed from will be reversed, with $10 costs and disbursements, and the motion to vacate the order for plaintiff's examination granted, with $10 costs. All concur.