### IRVING v. HIGGINS.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

DISCOVERY (§ 55*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—AFFIDAVIT.

Under Code Civ. Proc. § 872, subd. 4, and Gen. Prac. Rule 82, providing that an affidavit for the examination of a party before trial shall state the facts and circumstances showing the materiality and necessity of the testimony, an affidavit for the examination of the defendant in an action for libel, alleging that the testimony desired was material and necessary to enable plaintiff to prove that defendant is and was the owner of an automobile which ran over plaintiff's son, and certain other matters relevant to the issues in the action, which were within the defendant's knowledge, was insufficient.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Appeal from Special Term, Kings County.

Action by R. Johnson Irving against Charles M. Higgins. From an order denying defendant's motion to vacate an ex parte order for the examination of the defendant before trial in an action for alleged libel, defendant appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Charles M. Stafford, for appellant.

Gilbert Ray Hawes, for respondent.

MILLER, J. The order sought to be vacated was granted on the affidavit of the plaintiff. The only statement contained in said affidavit bearing on the materiality and necessity of the testimony of the party sought to be examined is the following:

"That the testimony of the above-named defendant is material and necessary to enable the plaintiff to prove that the defendant is and was the owner of the automobile which ran over plaintiff's son, and certain other matters relevant to the issues in this action, which are within the knowledge of defendant."

It does not suffice that the defendant state his conclusions. The Code and the rules require that facts and circumstances be stated showing the materiality and necessity of the testimony. Rule 82, General Rules of Practice; Code Civ. Proc. '§ 872, subd. 4. In place of stating his conclusion, the moving party must specify facts or circumstances from which the court can draw the necessary conclusions. While the strict rules at one time applied by the courts to these applications have been relaxed, the said court rule and Code provisions have not been changed. Oaks v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244, and Loewy v. Gordon (Sup.) 114 N. Y. Supp. 211.

It is stated in the affidavit upon which the order was granted that the action is to recover damages for an alleged libel, but how the question of ownership of the automobile is relevant or material to any issue involved in the case was not shown.

The order is reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.