adjudicata upon the plaintiff's claim under an assignment of 1888, and that the defendant Stone purchased under an absolute sale in 1894 all of James H. Armstrong's interest in such income.

From the testimony it is very clear that the defendant Stone in 1894 took his assignment as an absolute title and purchase of all the interest of James H. Armstrong in the income to be derived from such trust funds, and that there is no foundation for plaintiff's claim that such assignment was to be as security for a loan. The contention of the plaintiff is that James H. Armstrong could make no valid sale of such income in 1894 for the reason that he did not own the same on that date, that he had previously sold it to the plaintiff in 1888, and that the defendant Stone took his assignment in 1894 with knowledge of the plaintiff's assignment of 1888. The difficulty with this contention is that by a decree of the surrogate of Wyoming county, instituted for the purpose of distributing the estate of James Armstrong and of ascertaining by judicial procedure to whom that estate, including these very trust funds and the income therefrom, should be paid, to which proceeding this plaintiff was a party, it was adjudged and determined by a court having jurisdiction thereof that such income should be paid to and was the property of James H. Armstrong. If the decree was binding upon the plaintiff, she is now estopped from claiming that she was the owner of such income. Section 2743 of the Code of Civil Procedure provides that, where the validity of the distributive share is admitted or has been established upon the accounting, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same; and with respect to such matters the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited and upon every person deriving title from such party. It must be clear that, if the plaintiff were seeking to recover the income from James H. Armstrong upon her assignment of 1888, the decree of 1891 would be a complete bar, a perfect defense. It must necessarily follow that the defendant Stone, being a successor in interest of James H. Armstrong, can assert the same defense.

The defendant is entitled to judgment dismissing the plaintiff's complaint, with costs. Let findings be prepared.

---

SEGSCHNEIDER et al. v. WARING HAT MFG. CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. DISCOVERY (§ 55*)—UNDER STATUTES—EXAMINATION BEFORE TRIAL—REQUISITES OF APPLICATION—AVERMENT OF FACTS.

Code Civ. Proc. § 872, subd. 4, requiring the affidavit for an examination before trial to state that the testimony is material and necessary for the prosecution or defense of such action, as amplified by General Rules of Practice, rule 82, requiring the affidavit to specify the facts and circumstances which show that the examination is necessary and material, requires that the affidavit contain facts showing the materiality and necessity of the testimony sought, and not merely affiant's conclusions to that effect; and in an action for the hiring of machinery, in which defendant claimed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the transaction was a sale and moved for an order for examination before trial to prove the contract alleged by defendant and disprove that alleged by plaintiff, the fact that the answer was verified upon actual knowledge by the same officer of defendant who made the affidavit showed that the statement in the affidavit that the desired testimony could only be obtained from plaintiffs was contrary to the facts and a mere conclusion, as was a general averment therein that plaintiffs might die or leave the state before trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

2. DISCOVERY (§ 43*)—PRIVILEGE OF WITNESS—INCRIMINATING FACTS.
Plaintiff could not be examined under an order for examination before trial to show that he committed perjury in verifying the complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. § 43.*]

3. DISCOVERY (§ 38*)—UNDER STATUTES—GROUNDS OF EXAMINATION.
An examination of plaintiff before trial will not be ordered to aid defendant to prepare for trial, by ascertaining in advance what plaintiff's testimony would probably be and produce evidence to meet it.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

4. DISCOVERY (§ 36*)—UNDER STATUTES—GROUNDS OF EXAMINATION.
The fact that one of plaintiffs would be without the state at the time of the trial would not of itself justify ordering an examination of plaintiffs before trial, to enable defendants to prove the contract alleged by them and disprove that alleged by plaintiffs.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 36.*]

Hirschberg, P. J., and Gaynor, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Gustave Segschneider and another against the Waring Hat Manufacturing Company. From an order directing plaintiffs to appear for examination before trial, and from an order denying a motion to set aside the order for examination, plaintiffs appeal. Reversed, and motion to set aside granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Sydney A. Syme, for appellants.

Robert D. Eggleston, for respondent.

BURR, J. It appears from the verified complaint, which was made a part of the papers upon which the motion to vacate was based, and also · from the affidavit upon which the order for examination was granted, that the action is brought to recover the fair and reasonable value of the use of certain machines for curling hat brims furnished by the plaintiffs to the defendant and delivered at its factory. The answer, which is also made a part of the papers used on the motion to vacate, denies any agreement to pay for the use of the machines, but alleges the sale thereof by the plaintiffs to the defendant and payment of the purchase price. The affidavit upon which the order for the examination was granted states that the defendant desires to examine the plaintiffs to "prove the contract set up in defendant's answer" and to "disprove the contract set up in plaintiffs' complaint." The statute

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

requires that the affidavit upon which the order is granted shall state that:

"The testimony of such person is material and necessary for the party making such application or the prosecution or defense of such action." Code Civ. Proc. § 872, subd. 4.

This provision of statute is amplified by the rule to the effect:

"That the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary." General Rules of Practice, rule 82.

Although the strict rules of construction at one time applied have been somewhat relaxed, the provisions of the Code and of the rule have not been changed. Irving v. Higgins, 131 App. Div. 184, 115 N. Y. Supp. 254; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244; Loewy v. Gordon, 129 App. Div. 459, 114 N. Y. Supp. 211. As was said in Oakes v. Star Company, supra:

"It is still necessary to show, by the recitation of appropriate facts and circumstances, that the testimony sought to be elicited is material and necessary for the party making the application, * * * and it is incumbent upon the party seeking the examination to make this fact appear."

It is still necessary to show that the party sought to be examined has knowledge of the material issues involved, "and this must be established, not by mere assertion of the affiant's conclusions to that effect, but of facts from which the justice to whom application is made can himself draw the necessary conclusions." Grant v. Greene, 118 App. Div. 850, 852, 103 N. Y. Supp. 674. The affidavit upon which the order for examination was granted fails to state a single fact from which it can be inferred that the testimony of the plaintiffs is necessary to enable the defendant to prove what the real contract was. If there was a contract, some one must have acted for the defendant in making it, and must be conversant with the provisions thereof. The answer in the case, which sets up that the contract was one of sale, and not of hiring, is not made upon information and belief, but upon actual knowledge, and was verified by the same person as president of the defendant company who makes the affidavit to obtain the order for examination. The statement in the affidavit, therefore, that the testimony as to the contract can be obtained from no other source than by examining the plaintiffs, is a mere conclusion, and contrary to the facts as they appear in the case. The general allegation as to the necessity for the examination, because the plaintiffs may die before the trial of the action, or be absent from the trial thereof, or absent themselves from the jurisdiction of the court, is based upon conclusions or hypotheses, and not upon facts. The defendant is not called upon, in the first instance, to prove its defense, and if all of the plaintiffs are dead, or absent themselves from the jurisdiction, when the case comes on for trial, it would seem that the plaintiffs would have far greater difficulty in establishing their cause of action than the defendant its defense.

Again, no fact is stated from which it can be found that the testimony of the plaintiffs is likely to be material to the defense of this action. The plaintiffs have, by a complaint verified by one of them, stated that the contract was one of hiring. No fact is stated from

which the court can conclude that they will testify that it was one of sale, and that in verifying the complaint the person to be examined committed perjury. If he did, he could not be examined to prove that. Yamato Trading Co. v. Brown, 27 Hun, 248; Greensward v. Union Dime Sav. Inst., 59 How. Prac. 399. The real purpose of the examination is apparent from the affidavit of one of defendant's attorneys used on the application for the order, in which he says that the examination is material and necessary to the defendant to enable it to "properly proceed with the defense of the action and prepare for the trial thereof." This is not a sufficient ground for an examination of a party before trial. Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68. It is quite apparent that the real purpose of obtaining the order to examine the plaintiffs was to ascertain in advance of the trial what the testimony of the plaintiffs would probably be respecting the contract, and to prepare evidence to meet it. An examination will not be allowed for such a purpose. Hartog & Beinhauer C. Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113; McCormack v. Coddington, 98 App. Div. 13, 90 N. Y. Supp. 218; Knight v. Morgenroth, 93 App. Div. 424, 87 N. Y. Supp. 693.

There was also submitted in connection with the application for the order of examination an affidavit to the effect that one of the plaintiffs, Rudolph G. Segschneider, had stated that by the time the case was reached for trial he would not be within the state, but would be in Missouri. This alone would not be sufficient to sustain the order. But there is no fact stated from which it can be inferred that Rudolph C. Segschneider was the party with whom the transactions relative to the machines were held. On the contrary, the affidavit of the president of the defendant is to the effect that the testimony of his coplaintiff is that which is specially desired.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination should be granted, with costs. All concur, except HIRSCHBERG, P. J., and GAYNOR, J., who dissent.