(91 Misc. Rep. 484)

### SCHERICK v. M. & L. HESS, Inc.

(City Court of New York, Special Term. August, 1915.)

DISCOVERY ⊕⟾38—EXAMINATION BEFORE TRIAL—NECESSITY.

That plaintiff can obtain from other sources the information sought is no ground for denying him an examination of defendant before trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. ⊕⟾38.]

Action by Ray Scherick against M. & L. Hess, Incorporated. Defendant moves to vacate an order. Order modified.

Milton Mayer, of New York City, for the motion.
Stoddard & Mark, of New York City, opposed.

FINELITE, J. This motion is to vacate an order heretofore granted for the examination of the defendant before trial. It appears from the papers submitted on this motion that before defendant incorporated itself the plaintiff was in the real estate business with such defendant, and it was agreed that the plaintiff should receive 50 per cent. of all commissions earned by said firm on all leases or sales consummated or effected with persons or corporations introduced to said M. & L. Hess by plaintiff, and that plaintiff had about March 1, 1912, introduced to said defendant the firm of Samuel Eisemen & Co., which entered into a lease of certain premises in the city of New York for the period of 10 years. The defendant thereafter, on behalf of the owner of the premises, instituted summary proceedings, which proceedings terminated in a warrant under which said Samuel Eisemen & Co. were dispossessed. It appears, further, that immediately after the defendant, on behalf of the owner of the premises, negotiated and closed a lease of the same premises to the same lessee, Samuel Eisemen & Co., for the period of 10 years at an annual rental as fixed in said lease, for which services in negotiating the lease as rendered by defendant it received its commission from the owner, of which 50 per cent. claimed by plaintiff herein amounts to $1,650.

Defendant contends that the order heretofore granted for the examination of the defendant before trial cannot stand, for the reason that it appears from the second paragraph of the complaint that plaintiff should receive under agreement theretofore made with the defendant 50 per cent. of all commissions earned by said firm on all leases or sales consummated or effected with persons or corporations theretofore introduced to defendant by plaintiff. This agreement was made about March 1, 1910; that the summary proceedings were instituted some time thereafter and a new lease made by the said tenant after the summary proceedings were terminated, and as plaintiff was to receive his commissions on leases or sales consummated theretofore, referring apparently to the agreement originally made in 1910, no commissions are due or owing by said defendant to plaintiff. But, irrespective of the contention made by the defendant, the plain-

⊕⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff is entitled to examination before trial to ascertain, if possible, facts in reference to the making of this new lease and which is necessary and essential to the plaintiff's cause of action as it existed and as alleged. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078. My associate, Justice Schmuck, in Skidelsky v. Rosenbloom, 155 N. Y. S. 616, has succinctly stated the rule correctly, and which is the law, that the mere fact that the plaintiff can obtain from other sources the information sought by the defendant by an examination before trial is no reason why an order should not be granted. This is sound in reasoning and in fact, and applies to the facts, and which I follow as the law governing the question involved herein.

I have examined the authority cited by defendant (Segschneider v. Waring Hat Mfg. Co., 134 App. Div. 217, 118 N. Y. Supp. 1000) and fail to see where it applies to the issues herein. Examination, however, is limited, and the order heretofore made for such examination before trial is modified, the examination of the defendant being limited in reference to the making of the lease with the Samuel Eisemen Company, and in this respect motion to vacate the order is denied, and the defendant M. & L. Hess Company is directed to appear at Special Term, Part II, of this court on August 21, 1915, at 10 a. m., by its officers, Nathaniel J. Hess, president, and J. W. Hahner, secretary, and to submit to the examination required by the order heretofore made by Mr. Justice Allen on August 9, 1915.