HARRY A. LOVE, Respondent, *v.* THE CHARLES H. BROWN PAINT COMPANY, Appellant.

Second Department, December 10, 1920.

Depositions — scope of order for examination before trial of corporation and officers — order not to be granted where grounds set forth showing necessity for same are not alleged in complaint or affidavit.

In an action by an employee of the defendant working on a salary and commission basis for breach of contract, an order for the examination before trial of the defendant and its officers concerning the matters stated in the plaintiff's affidavit, directing the production of copies of their income tax sheets and of the books and papers of the corporation, is too general and broad in its scope; such limitless examination of the books and papers of the defendant and its officers is entirely beyond the scope of an examination before trial.

Furthermore, the order should not have been granted, since the plaintiff in complying with rule 82 of the General Rules of Practice in stating facts and circumstances alleged to show the necessity for the examination, stated that he desired the examination so that his counsel would be able to show whether or not a conspiracy existed to secure information possessed by plaintiff and then to dispense with plaintiff's services, where no conspiracy was alleged in the complaint or in the affidavit.

APPEAL by the defendant, The Charles H. Brown Paint Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of November, 1920, in so far as the said order denies the motion of the

defendant to vacate and further modify the order for examination of the defendant and others before trial.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the appellant.

*Charles Bates Dana*, for the respondent.

KELLY, J.:

The learned judge at Special Term radically modified the order as originally granted, and defendant's grievance is that he did not go far enough, and that the order should have been vacated. This is one of the cases where an employee engaged upon salary and a commission upon orders secured by him, disagreeing with his employer, sues for damages. In the case at bar there is no allegation in the complaint that plaintiff was discharged from his employment; on the contrary, he alleges that because of breaches of the contract of employment by his employer he, plaintiff, was " obliged to and did discontinue further efforts to perform his part under said agreement."

The order as originally granted directed the examination of persons not parties to the action, and discovery of their books and papers. These provisions were vacated in the order appealed from, but the learned judge at Special Term sustained the order in so far as it directed the examination of the defendant and its officers, the production of copies of their income tax reports and of the books and papers of the corporation. The order is based upon a voluminous affidavit made by plaintiff, reciting business transactions in England, France, Belgium, South America, Cuba, the West Indies and Porto Rico, and the parties are directed to appear and submit to an examination " concerning the matters stated in said affidavits." The order is entirely too general and broad in its scope. In fact, it is without limit. Much of the matter stated in the plaintiff's affidavit is concededly well known to him and is not in controversy. Such limitless examination and discovery of the books and papers of the defendant and its officers is not shown to be necessary and is entirely beyond the scope of examination before trial even under the more liberal rules now in force. (*Oakes* v. *Star Co.*,

119 App. Div. 358; *Whitney* v. *Rudd*, 100 id. 492.) But there is more serious objection to the proposed examination. The plaintiff, as required by rule 82 of the General Rules of Practice, specifies in his affidavit the facts and circumstances which he says show that the examination is necessary, ·as follows: " In the interests of justice and fair play opportunity should be given my counsel to examine under oath the above mentioned Whitney, Phillips, Brown and Pitney and the several books, documents and papers of the defendant and of the Colonial Works, Inc., mentioned in the affidavit of Charles Bates Dana hereto annexed, to the end that my counsel may be able to show on the trial herein what were the exact relations. between said companies and their officers; whether or not there was a conspiracy between such companies and the above named officers thereof to secure from me at practically no cost the concrete results of my lifelong experience in the export trade and, finally after obtaining such invaluable information, to rid themselves of me as soon as possible, regardless of my contract, which extended over such a long period of years, and thereafter use such information to their profit and to the profit of the various departments of the Colonial Works, Inc., and the Hazard Lead Co."

But no conspiracy is alleged in the complaint. The cause of action there stated is that the defendant employer wrongfully interfered with the plaintiff employee in the performance of his duties under his contract. Nor does the plaintiff in his lengthy affidavit allege that there was any conspiracy. The declared object of the examination is to ascertain " whether or not there was a conspiracy." But " it has long been the settled rule that an examination of a party or of a witness will not be allowed either in advance of or after action brought for the purpose of discovering whether or not the applicant or the plaintiff has a cause of action." (*Matter of Moto Bloc Import Co., No. 1,* 140 App. Div. 532, · and cases cited.) While the plaintiff may be able, upon proper affidavits, to show necessity for examination of the defendant upon certain specific matters involved in the issues, it is impossible to modify this order based upon what appears to be an entirely erroneous theory.

The order so far as appealed from is, therefore, reversed,

with ten dollars costs and disbursements, and defendant's motion to vacate the order for examination before trial is granted, with ten dollars costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Order in so far as appealed from reversed, with ten dollars costs and disbursements, and defendant's motion to vacate the order for examination before trial granted, with ten dollars costs.