FRANK A. MOORE, Respondent, v. THE DURANT CORPORATION, Appellant. JOHN J. BERGEN, Defendant.— Order granting motion for examination of defendant corporation before trial and for the production of certain books and papers, modified to the extent that the books and papers directed to be produced shall only be such as may be necessary to refresh the memory of the witness, and as so modified affirmed, without costs. (*Love* v. *Brown Paint Co.*, 194 App. Div. 211; *Ice Service Company, Inc.*, v. *New York & Queens Electric Light & Power Co.*, 212 id. 838; *Rosentower* v. *Superior Felt Slipper Co.*, 213 id. 868.) Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur.

STATEN ISLAND LODGE NO. 841, B. P. O. ELKS, Appellant, v. STATEN ISLAND SAVINGS BANK, Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff, with costs. A check, intrusted by plaintiff to its treasurer and secretary of its board of trustees for deposit, was cashed and part of the proceeds converted by said trustee under circumstances which rendered the defendant liable upon the theory that one who accepts checks payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who indorses the same is without authority, unless the corporation is negligent or is otherwise precluded by its conduct from setting up such lack of authority in the agent. (*Wagner Trading Co.* v. *B. P. Nat. Bank*, 228 N. Y. 37.) While the learned trial court properly determined the question of the legal liability of defendant upon the cashing of the check, it held that plaintiff failed to prove that the improper payment by defendant caused it to sustain any loss. We are of opinion that the proof not only shows affirmatively that the money converted was not returned or applied to the uses of plaintiff, but that the trustee kept the money for himself. Findings of fact and conclusions of law inconsistent with this determination are reversed and new findings and appropriate conclusions will be made. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur. Settle order on notice.

MARY AJELLO, Appellant, v. ROMEO AJELLO, Respondent.— Order denying plaintiff's motion for entry of a money judgment for alimony arrears reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. By the terms of the order entered on the 9th day of December, 1925, the motion was denied in the event that the plaintiff refused or neglected to defray the expense of the reference therein directed. That motion involved contempt proceedings, and was foreign to the entry of a money judgment for alimony which had accrued under the separation decree at the time this motion was made. It was defendant's privilege to move at any time to modify the judgment. This he neglected to do. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.