ROSE M. BOUCOT, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Rockland County, November 26, 1934.

*Morton Lexow* [*Alton W. Teale* of counsel], for the plaintiff, for the motion.

*Tanner, Sillcocks & Friend* [*Herbert F. Garrick* of counsel], for the defendant, opposed.

TAYLOR (GEORGE H., JR.), J.   As to proposed subjects of inquiry Nos. 1 to 5, inclusive, the application for an examination of defendant by two of its agents, before trial, was withdrawn.   In relation to proposed subject No. 6, relating to David Kane's death alleged to be the "result of bodily injuries sustained by him through external, violent and accidental means," the said application is denied, as it does not appear that the defendant or either of said agents proposed to be examined has knowledge (as distinguished from information based on hearsay) of the relevant alleged facts related to Kane's death; hence in this phase it is not shown that the testimony sought is material and necessary.   (Civ. Prac. Act, §§ 288, 289; Rules Civ. Prac. rule 122; also *Segschneider* v. *Waring Hat Mfg. Co.*, 134 App. Div. 217.)   The application, however, is granted as to proposed subject of inquiry No. 7, related to the proofs of death.   Further, the motion in that phase which relates to discovery and inspection (Civ. Prac. Act, § 324) of documents in defendant's possession, being policies of insurance, proofs of premium payments, and proofs of claim or loss, is granted; the order to be entered hereon will provide (Rules Civ. Prac. rule 141) in a suitable way for such inspection at the time of the examination and in a manner appropriate and convenient to both parties.

Plaintiff's motion (notice of motion dated September 22, 1934) is disposed of accordingly.   Settle order on notice before me at Mount Vernon.