EHRICH v. ROOT.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—NECESSITY.

Code Civ. Proc. § 872, subd. 4, declares that a person desiring to take a deposition may present an affidavit stating the name and residence of the person to be examined, and that his testimony is material and necessary for the party making such application. Held, that an application for the

examination of the defendant in an action for labor and services, and the use of plaintiff's office and appurtenances, alleging that the service consisted of advice as to certain mining properties, and with respect to the formation of a company to take over the properties, and the disposal of the stock of such company, and that plaintiff was informed and believed that defendant was enabled to sell the property for a large price, and that plaintiff desired to obtain from defendant testimony as to his profits on such sale as bearing on the question of plaintiff's damage, was fatally defective for failure to show that the desired testimony related to a material issue which the applicant was required to prove on the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 54.]

Houghton, J., dissenting.

Appeal from Special Term.

Action by Samuel W. Ehrich against Henry A. Root. From an order denying a motion to have an order for the examination of defendant before trial, he appeals. Reversed. Order vacated.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

J. Aspinwall Hodge, for appellant.
Herbert R. Limburg, for respondent.

INGRAHAM, J. This action is brought to recover from the defendant upon an allegation that the plaintiff rendered work, labor, and services for defendant, and gave defendant the use and occupation of plaintiff's office and office appurtenances and of plaintiff's office force, all of which was of the reasonable value of $25,000, which defendant agreed to pay. There is no statement in the complaint of the nature of plaintiff's services, of the use that the defendant made of the plaintiff's office, office appurtenances, and office force, and the answer is a general denial. After issue joined the plaintiff made an application to examine the defendant before trial, and in the affidavit upon which an order for such examination was granted alleges that the "services were advice with respect to certain mining properties owned or controlled by the defendant, and with respect to the formation of a company to take over these properties and the disposal of the stock of this company"; that in consequence of the plaintiff's advice a corporation was organized, of which the plaintiff acted as one of the first directors and was elected treasurer, and that plaintiff subsequently advised the defendant with regard to the sale and disposition of the stock of the company, and arranged with a person named to purchase the stock of the company which he did. The affidavit further states that the plaintiff was informed that the defendant was enabled to sell the property for a large price, that this was done without plaintiff's knowledge, and the testimony that plaintiff desires to obtain from the defendant is the profits derived by the defendant in his future disposition of the stock of this company. The affidavit then states:

"A necessary element of my proof upon the trial will be to show the profits derived by the defendant, for this evidence will be a material element to enable the jury to fix the value of the services which I have rendered."

By subdivision 4 of section 872 of the Code of Civil Procedure, a person desiring to take a deposition may present to a judge of the

court in which the action is pending an affidavit stating the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application or the prosecution and defense of such action. To justify the order, it must appear, therefore, that the testimony sought to be obtained is material and necessary for the party making the application or the prosecution of the action. I think this affidavit fails to show that the testimony of the defendant is material or necessary to plaintiff's prosecution of the action. The plaintiff does not allege that he had anything to do with the ultimate disposition of the property from which it is alleged the defendant' realized large profits. The value of the services rendered in the advice given to the plaintiff and the use of his office and office force could have no relation to the profits that the defendant ultimately realized by a disposition of the property at a future time, of which the plaintiff had no knowledge and with which he had nothing to do.

While I am in favor of allowing examination of a party before trial in all cases where, upon the facts stated, it can fairly be inferred that the object is to obtain the deposition of an adverse party as to the facts which are by the pleadings in dispute and the proof of which would be competent upon the trial to justify such an examination, I think it must appear that the testimony desired really relates to a material issue that must be proved by the party making the application upon the trial of the action. That fact does not appear in this action, and there are facts which justify the inference that this application is not made in good faith to obtain testimony to be used upon this trial, but to use the information in other actions or proceedings. Under such circumstances, we think the court below should have refused to compel the defendant to submit to an examination, and should have vacated the order obtained for that purpose. We do not wish to be understood as expressing an opinion that should in any way influence the trial court as to the materiality of evidence of the profits of the defendant upon the trial, but simply to say that, on the facts before the court, it does not satisfactorily appear that the evidence of the defendant is material and necessary for the plaintiff, and that the order should therefore have been vacated.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the order for examination of the defendant before trial vacated, with $10 costs.

McLAUGHLIN and CLARKE, JJ., concur. PATTERSON, P. J., concurs in result.

HOUGHTON, J. (dissenting). I dissent from the proposition that plaintiff's order for examination should be set aside because it does not seek to obtain evidence material to the trial of the action against defendant. The services claimed to have been performed by plaintiff for defendant were in the formation of a copper company to take over certain mining properties owned by defendant and in the disposal of the stock of such company. The plaintiff by his affidavit alleges that the defendant transferred the stock of the company which plaintiff had

helped to form, and the mining properties which he had helped to market and which were supposed to be deeded to it, to another company for a very large sum of money. The amount plaintiff does not know, and cannot ascertain from any source aside from the defendant.

If plaintiff performed services in relation to and gave advice respecting a property of magnitude, he would have a right on the trial of this action to recover the value of his services, to prove that fact, as bearing upon the reasonableness of his charges. If his services and advice related to a large transaction, they would manifestly be worth more than if they related to a small one. The advice of a lawyer as to the transfer of a hundred million railway corporation would be of greater value than respecting a hundred dollar horse trade. So plaintiff's services as a promoter would be worth more if they related to a $3,000,000 mining property than if they related to one worth $300. Plaintiff has no knowledge of the sum for which defendant sold the properties which he helped put upon the market, and he has no means of obtaining that knowledge except by an examination of the defendant.

It is not a proper interpretation of plaintiff's affidavit to say that he only desires to examine the defendant as to the profits which he himself made. On the contrary, what he does desire is to examine the defendant as to the amount of the sale for the purpose of showing the magnitude of the transaction. This evidence is most pertinent to plaintiff on the trial of the action. If the trial court should exclude evidence showing the magnitude and character of the transaction, this court would instantly reverse the judgment because of such erroneous ruling. If the examination of adverse parties before trial is to be permitted respecting material matters peculiarly within the knowledge of the opposite party, the present order was right, and should be affirmed so far as it relates, at least, to the disposition of the mining properties and of the stock of the Somers Copper Company, and the price obtained therefor, and the general terms of the agreement of transfer.