### REYNOLDS v. CALLAN et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

DISCOVERY (§ 55*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—AFFIDA-
VIT—SUFFICIENCY.

Under Code Civ. Proc. § 872, providing that the affidavit for the examination of the adverse party before trial must aver that the testimony of such party is material and necessary, and General Rule of Practice 82, requiring the affidavit to specify the facts showing materiality and necessity, an affidavit of plaintiff, suing for services rendered and materials furnished, for an order for the examination of one of the defendants, which avers that plaintiff has no knowledge of the relations existing between the defendants, or whether one of them was the agent for the other, etc., is insufficient, for failing to show the materiality of and necessity for the examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 69, 70; Dec. Dig. § 55.*]

Appeal from Albany County Court.

Action by Marcus T. Reynolds against Peter J. Callan and another. From an order denying a motion to vacate an order to take the deposition of defendant Irwin E. Wallerstein before trial, defendant Peter J. Callan appeals. Reversed.

The action was brought to recover the value of services rendered and material furnished by the plaintiff as an architect. The complaint alleges that "the plaintiff rendered services to and for the defendants at the defendants' request, and on their promise to pay for the same, as an architect, and on like request and promise to pay therefor furnished materials necessary and proper to and about said work, labor, and services." The defendants answered separately, each denying the allegations of the complaint. In the affidavit upon which the order for the examination was granted it is stated "that this deponent has no knowledge of the relations existing between the two defendants aforesaid, or whether or not either of such defendants was the agent for the other during the happening of the events set forth in the complaint, the allegations of which complaint are true, and which allegations are hereby incorporated into and made a part of the affidavit with the same force and effect as though set forth in hæc verba herein, and that it will be unsafe for the plaintiff to proceed to the trial of this action without a disclosure on the part of the defendant Irwin E. Wallerstein of the relation which did exist between the said defendants at the time hereinbefore stated, and also as to what took place in the matter of the employment of this defendant, and the interests of the defendants therein and in the subject-matter thereof."

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Neile F. Towner, for appellant.
Thomas Hun, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEWELL, J.   Before a party can be permitted to examine his adversary before trial he must present an affidavit setting forth, among other things:

"That the testimony of such person is material and necessary for the party making such application." Code of Civil Procedure, § 872.

This provision of the Code is supplemented by rule 82 of the general rules of practice, which requires that the affidavit shall specify the facts and circumstances which show that the examination of the person is material and necessary. It is clear that the affidavit upon which the order for examination in this case was made does not comply with these requirements. No fact or circumstance to show that the deposition of the defendant is material and necessary is specified. On the contrary, it is quite apparent that the testimony sought to be elicited would be neither material nor necessary to establish the cause of action alleged in the complaint.

Many of the technical rules which formerly restricted the right of a party to examine his adversary before trial have been relaxed; but the fundamental rule that the testimony sought must be essential to the moving party's case has not been abrogated. Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244; Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs. All concur.