WEEKS v. WHITNEY.

(Supreme Court, Appellate Division, First Department.   October 20, 1911.)

DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT BEFORE TRIAL.
    In an action on notes, where defendant alleged that they were given in part payment of pictures he had been induced to purchase by false representations, an order for examination of defendant before trial will be denied; it not being shown that without such examination the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fense will be established without plaintiff having an opportunity to disprove it, by defendant's evidence, or that plaintiff had any ground for believing that defendant's testimony on such examination would establish the falsity of the special defense.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Lyman H. Weeks against Fred C. Whitney. From an order denying a motion to vacate an order for his examination before trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Maurice Meyer (Arthur C. Kahn, on the brief), for appellant.
Charles Pope Caldwell, for respondent.

LAUGHLIN, J.   This action was brought to recover on three promissory notes made by the defendant to the order of the plaintiff. The making and delivery of the notes are admitted; but the defendant alleges as a separate and distinct defense that the notes were given in part payment of certain pictures, which he was induced to purchase of the plaintiff by false and fraudulent representations, and that on discovering that the representations made to him by the plaintiff were false and fraudulent he rescinded the purchase and tendered back the pictures.

The only basis for the order for the examination of the defendant is the plaintiff's affidavit showing the formal requirements, and that the examination is desired before trial—

"for the reason that the testimony of the said defendant is material and necessary for the plaintiff in the prosecution of said action, in that the matters set up by the defendant as a special defense, if true, are wholly within the personal knowledge of the defendant."

On the trial the defendant will have the burden of establishing the allegations of his separate defense, and it will doubtless be necessary for him to take the stand as a witness.   There is nothing to show that without the examination the plaintiff is in danger of having the defense established, without an opportunity to disprove it by the testimony of the defendant; nor does it even appear that the plaintiff has any ground for believing that the testimony of the defendant will establish the falsity of his own allegations of fraud contained in his verified answer.   The order for the examination of the defendant in these circumstances was not warranted, and should have been vacated.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes