each being entitled to one-half of the rents and profits so long as the question of survivorship is in abeyance. The damages awarded for a change of grade are in no sense rents and profits or usufructs. They are given as the equivalent for a diminution in the value of the estate itself. The other objection raised by the relator is without merit and calls for no comment.

It follows that the writ must be sustained and the proceedings remitted to the defendants for determination upon the principles hereinbefore laid down, with $50 costs and disbursements to the relator. All concur.

---

### H. G. VOGEL CO. v. GEORGE BACKER CONST. CO.

(Supreme Court, Appellate Division, First Department.   January 19, 1912.)

DISCOVERY (§ 40*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—GROUNDS.
    Where an application for examination of a defendant stated that the examination was desired for the purpose of avoiding and defending counterclaims, and the affidavit stating the facts which the plaintiff expected to prove stated facts exactly opposite of those contained in defendant's verified answer, the application would be refused as not in good faith.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by the H. G. Vogel Company against the George Backer Construction Company. From an order of the Special Term denying a motion vacating an order for examination of defendant before trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alexander Pfeiffer, for appellant.
David Bernstein, for respondent.

MILLER, J. The action was brought to foreclose a mechanic's lien for work, labor, and services performed and materials furnished in the installation of an automatic sprinkling system in a building owned by the defendant. The answer substantially denies the performance of the contract by the plaintiff and sets up two counterclaims for damages. The order directs an examination of defendant's president, who verified the answer, and its treasurer. In the affidavit upon which the order was granted, it was stated that the examination is "material and necessary to enable plaintiff to properly prepare for the trial of the above-entitled action," for the reason, in substance, that two counterclaims were set up, and that the examination was desired for the purpose of "avoiding and properly defending these two counterclaims." The affidavit then proceeds to state the facts which the plaintiff expects to prove by the examination. Those statements of fact are precisely the opposite of the statements of fact contained in the defendant's verified answer. It seems to us manifest that the

---

examination was not applied for in good faith in the expectation that material and necessary testimony for the plaintiff would be elicited, and the rule is now definitely settled that an examination of an adverse party before trial is only allowed to enable the party applying for the examination to obtain testimony to establish his case or defense, as the case may be, or to meet and overcome the case or defense of the other party. The purpose of the examination is not to enable one party to pry into the case or defense of his adversary. No reasonable ground is shown to believe that the defendant's president will swear directly to the contrary of what he has sworn in the answer. See Weeks v. Whitney, 131 N. Y. Supp. 408. If orders for examination of adverse parties are to be granted upon applications like this, the effect will be virtually to amend the Code of Civil Procedure, so as to permit either party to examine his adversary at will. While that might be desirable, the Legislature has not as yet so provided.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.