## KORNBLUTH v. ISAACS et al.

(Supreme Court, Appellate Division, First Department.   February 23, 1912.)

1. DEPOSITIONS (§ 38*)—PARTIES—EXAMINATION BEFORE TRIAL—GOOD FAITH.

     An application to examine an adverse party before trial should not be granted, unless made in good faith and to obtain testimony to be used at the trial.

     [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 51; Dec. Dig. § 38.*]

2. DISCOVERY (§ 32*)—ADVERSE PARTY—EXAMINATION BEFORE TRIAL.

     Where, in a suit for damages for fraudulent conspiracy to place a fictitious lease on premises to induce plaintiff to purchase the premises for a sum above their real value, defendants denied the fraud and conspiracy, it was not a valid objection to an application for their examination before trial that the application was not made in good faith, because it was improbable that plaintiff could expect to obtain testimony for use at the trial after defendants had denied the fraud and conspiracy; it being possible that plaintiff might elicit facts and surrounding circumstances from which the inference of fraud might be drawn.

     [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. § 32.*]

3. DISCOVERY (§ 55*)—MOVING PAPERS—STATEMENTS ON INFORMATION AND BELIEF.

     Where an action involved fraudulent concealment by defendants, so that it would not be possible for plaintiff to allege facts on his own knowledge, the most of which were solely within the knowledge of the defendants, moving affidavits in support of an application for an examination of defendants before trial were not objectionable because the facts therein were partly stated on information and belief.

     [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by Abraham Kornbluth against Edward A. Isaacs and others.  From an order denying defendants' motion to vacate an order for their examination before trial, they appeal.  Affirmed.

The opinion of Lehman, J., at Special Term, was as follows:

The plaintiff has brought an action against the defendants, alleging that they have fraudulently conspired to place a fictitious lease upon premises owned by one of the defendants for the purpose of inducing the plaintiff to purchase these premises for a sum of money above their real value.  The answer of the defendants is practically a general denial.  The plaintiff has obtained an order for the examination of the defendants upon the issues raised by the denial, and the defendants have moved to vacate this order, on the ground that the order for the examination is not sought in good faith.

[1] There is no doubt but that the rules in regard to the moving affidavits to obtain an order for the examination of adverse parties have been in this jurisdiction considerably relaxed in recent years.  The decisions of the appellate courts announcing the relaxation of the rules in this respect have been followed by a flood of applications for examinations before trial, not made in good faith and for the purpose of obtaining testimony to be used at the trial, but for the purpose either of cross-examining the adverse parties before the trial or of obtaining the adverse parties' testimony in advance, in order to be able to meet it at the trial.  The appellate courts have, in ordering the vacation of these orders, been obliged to state that there were still limitations upon the proper exercise of the court's discretion to order such examinations.  A review of these decisions, however, discloses that the courts

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

133 N.Y.S.—47

still regard the right of examination of an adverse party before trial as a substantial right, which should not be denied if it is made in good faith and for the purpose of obtaining testimony, though it should be denied if the order is sought for some ulterior purpose.

[2] In this case the defendants urge that it should be denied, because of the improbability of the plaintiff's expecting to obtain testimony for use at the trial after the defendants have denied the fraud and conspiracy. I do not think that this contention is sound. This examination could be granted only after issue is joined, and the joining of issue in itself shows a denial by the adverse party. The facts which the plaintiff seeks to elicit, if they exist at all, are within the knowledge of the defendants. The fraudulent acts, if performed, were performed among themselves, and they are apparently the sole persons who have knowledge of their existence and can testify to them. While in many instances the fact that the adverse party denied the acts must be considered upon the probability of the good faith of the moving party in seeking the examination, yet where, from the nature of the action, it seems probable that the plaintiff will be bound to produce these adverse parties as witnesses to prove his cause of action, there is no reason why the examination should not be ordered.

The defendants rely for authority for their contention upon various cases, but I do not find that any of these cases sustain their contention.

In the case of Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308, the defendant sought to obtain from the plaintiff in a negligence action his version of the accident. The plaintiff was bound to establish the negligence as part of his affirmative case, and there is no doubt that under such circumstances "it is quite improbable that a defendant in a negligence action could in good faith say that he intended to use the deposition of the plaintiff upon the trial of the action." The evident purpose of the application in that case was to secure a cross-examination before trial.

In the case of Wessel v. Schwarzler, 144 App. Div. 587, 129 N. Y. Supp. 521, the plaintiff sought an examination of the defendant in an action brought for the seduction of plaintiff's daughter. The defendant denied the seduction. The matter to be proven was a single act, and that act was as much within the knowledge of plaintiff's daughter as of the defendant. In this case, however, nobody except the defendants participated in the alleged fraudulent acts, and the proof of these acts, as shown by the moving affidavits, will depend, not solely upon the direct testimony of the defendants as to whether or not they acted fraudulently, but upon the testimony as to surrounding circumstances from which the fraud might be inferred.

In Segschneider v. Waring Hat Mfg. Co., 134 App. Div. 217, 118 N. Y. Supp. 1000, the plaintiff sought an examination of the defendants as to a contract to which he was a party, and which the defendant had by its answer stated was not a contract, as alleged in the complaint. The moving papers clearly showed that the examination was not for the purpose of establishing the plaintiff's case, but to find out what the defense would be, and to prepare to meet it.

In Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68, the order for the examination was sought before issue was joined in, and for the purpose of preparing for trial, and the court merely held that no such ground for examination exists. It is true that in the case before me the moving papers also allege that the plaintiff requires this testimony to prepare for trial, but this is not only coupled with the statement that he intends to use it at the trial, but the papers affirmatively show that the plaintiff expects to prove certain material facts in issue by the examination.

In Reusens v. Arkenburgh, 136 App. Div. 653, 121 N. Y. Supp. 353, the examination was sought upon the issues which the adverse party was bound to establish, and the examination was obviously for the purpose of forcing him to disclose his testimony before trial.

Since the argument of this motion the Appellate Division of this department has reversed an order for examination before trial under circumstances that seem to me more like those of the present application than any of the other cases. H. C. Vogel & Co. v. George Backer Const. Co., 133 N. Y. Supp. 225, January 19, 1912, not yet officially reported. In that case, as in this,

the main objection to the order was that the party seeking the examination stated that he expected to prove by the examination facts different from the statement of facts contained in the defendant's verified answer. The case, however, differs from the present case, in that the examination was sought for the purpose of "avoiding and properly defending" the two counterclaims set out by the adverse party. The examination was evidently asked for the purpose of finding out in advance what evidence the adverse party intended to produce to sustain those counterclaims, and to give the moving party the opportunity to cross-examine before trial and without the usual limitation imposed on cross-examination. See, also, Weeks v. Whitney, 146 App. Div. 621, 131 N. Y. Supp. 408.

In the case before me, however, the examination is sought upon issues which the moving party must establish, and, while it is not probable that he can obtain any testimony in direct contradiction of the facts sworn to by the defendants, it may well be that he will be able to elicit testimony as to surrounding circumstances from which the inference of fraud which the plaintiff is bound to establish may be drawn. It seems to me that these cases have left untouched the salutary rule that, where the court can see that a party actually desires the testimony of an adverse party upon the issues which he must prove, he should be allowed to obtain an examination before trial, and should not be placed in the position of being obliged to await the trial to find out whether the adverse party will give the testimony which he desires to elicit.

I have not attempted to distinguish a recent Special Term decision of a justice of another department which has been cited by the defendants, because the opinion does not state the facts upon which the decision is based. It relies for authority upon the cases I have discussed above, and I have no reason to believe that it extends the principles of those cases.

[3] The defendants have not raised the specific objection that the moving affidavits upon which the order was obtained are made partly upon information and belief; but, inasmuch as they challenge the good faith of the application, I am bound to consider this point. The moving papers should allege facts, and not conclusions, and allegations upon information not disclosed are not facts. Nevertheless, in an action which involves fraudulent concealment, it would not be possible to require the plaintiff to allege specifically and as a fact the very matters which under the theory of the complaint are solely within the knowledge of the defendants, and I think that sufficient facts have been alleged to support the order for examination.

Motion should be denied, with $10 costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, and DOWLING, JJ.

B. N. Cardozo, for appellants.
A. G. Hays, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of Lehman, J., at Special Term. Order filed.

---

## LYNCH v. TOWN OF RHINEBECK.

(Supreme Court, Appellate Division, Second Department.　February 16, 1912.)

Appeal from Trial Term, Dutchess County.

Action by Margaret Lynch against the Town of Rhinebeck. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.