WALLENSTEIN v. DESSER.

(Supreme Court, Appellate Term.    March 21, 1912.)

1. DISCOVERY (§ 40*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—
GROUNDS.
    Where, in an action for a breach of a contract of employment, defenses set up were payment and an account stated, an order requiring plaintiff to submit to an examination as to the matters set forth in the affirmative defenses was proper.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

2. DISCOVERY (§ 40*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—
GROUNDS.
    While the defense that a contract was different from the one declared on by the plaintiff is available under the general denial, so as to preclude the examination of the plaintiff before trial, where it is connected with a claim of an account stated, based on the contract as interpreted by the defendant, it is proper matter for such an examination.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

3. DISCOVERY (§ 40*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—
GROUNDS.
    Where an order merely required the plaintiff in an action on a contract to submit to an examination before trial as to the affirmative defenses of payment, that the contract was different from the one alleged in the complaint, and account stated, there is no such bad faith shown as would justify the vacation of the order.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

4. DISCOVERY (§ 58*)—ORDER—REQUISITES.
    Where an order requiring a plaintiff in an action on a contract to submit to an examination as to matters set forth in the affirmative defenses, "and matters revelant to the issues in this action as set forth in said pleadings and in the annexed affidavits," the language quoted is too general and vague, and the order should be modified to limit the examination to the matters set forth, with the exception of that portion.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

Appeal from City Court of New York, Special Term.

Action by Herman Wallenstein against Sol. Desser. From an order denying a motion to vacate an order directing an examination of plaintiff before trial, plaintiff appeals. Modified and affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alexander Fox, for appellant.

House, Grossman & Vorhaus (Leo R. Brilles, of counsel), for respondent.

BIJUR, J.  Plaintiff sues for damages for breach of a contract of employment.

[1] There are three affirmative allegations by way of defense and counterclaim, respectively: (1) Payment.  (2) That the contract was different from the one alleged in the complaint.  (3) An account stated. It is evident as to substantially all of this matter that "the testimony desired really relates to a material issue that must be proved by the party making the application upon the trial of the action."  Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846.

[2] While it might ordinarily be said that the allegation in the defense that the contract was other than as alleged in the complaint is substantially included in the general denial, and would therefore, not warrant an examination of plaintiff before trial (Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244), in this case that allegation must be read in connection with defendant's claim that there was an account stated on the basis of the contract as interpreted by defendant.

[3] Nor can it properly be claimed that there is any evidence of bad faith, under the rule in Vogel v. Baker Co., 133 N. Y. Supp. 225; Weeks v. Whitney, 146 App. Div. 621, 131 N. Y. Supp. 408; Skolny v. Richter, 132 App. Div. 680, 117 N. Y. Supp. 297.

[4] The order, however, required the plaintiff to submit to an examination as to:

"1. The matters set forth in the affirmative defenses in the answer herein [and matters relevant to the issues in this action, as set forth in the said pleadings and in the annexed affidavits].

"2. Any sum or sums earned by the plaintiff which could have been earned by him between the 17th day of December, 1910, and the 25th day of April, 1911."

It is evident that the language inclosed in brackets is too general and vague, and that the order should be modified, to limit the examination to the matters set forth, with the exception of the part inclosed in brackets as hereinabove indicated, and without costs either of the motion or of this appeal to either party, and, as so modified, affirmed. All concur.