PLOHN v. COLUMBIA AMUSEMENT CO. et al.

(Supreme Court, Appellate Term.    April 13, 1912.)

1. DISCOVERY (§ 40*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—
GROUNDS.
    A plaintiff is entitled to examine defendants before trial concerning
allegations in the complaint which he is bound to prove in the first in-
stance, although the defendant, by answer, denies the fact which plain-
tiff seeks to discover by the examination.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig.
§ 40.*]

2. DISCOVERY (§ 32*)—OBJECTIONS TO EXAMINATION.
    It is no answer to an application for discovery that the testimony
sought to be elicited can be obtained from other sources.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig.
§ 32.*]

Appeal from City Court of New York, Special Term.

Action by Edmund Plohn against the Columbia Amusement Compa-
ny and others. From an order of the City Court of the City of New
York, denying a motion to vacate an order for the examination, be-
fore trial, of the defendant Hill, he appeals.   Affirmed.

Argued April term, 1912, before SEABURY, GUY, and GER-
ARD, JJ.

Leon Laski, of New York City, for appellant.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New
York City, of counsel), for respondent.

GERARD, J.   Plaintiff, in his complaint, alleges that he was em-
ployed by defendants to procure for them a building for theatrical
purposes, and sues for the value of his services.   He obtained an
order for the examination of the defendant Gus Hill, who moved to
vacate the order, and who now appeals from the order which denied
his motion.

[1] The appellant claims that the order for his examination should
have been vacated on two grounds:   First, because defendant has
denied in his answer the facts which plaintiff seeks to elicit from
him on his examination, citing Vogel v. George Backer Construction
Company, 133 N. Y. Supp. 225.   In that case the action was brought
to foreclose a mechanic's lien for work and services performed and
materials furnished in the installation of an automatic sprinkler sys-
tem.   The answer there denied the performance of the contract by
the plaintiff and set up two counterclaims for damages, and in the
affidavit upon which the order for examination of defendant was
granted in that case it was stated that the examination was material
and necessary to enable plaintiff to properly prepare for the trial of
the action, for the reason, in substance, that two counterclaims were
set up, and that the examination was desired for the purpose of avoid-
ing and properly defending those two counterclaims.   Of course, one
party cannot pry into a case of the other party, or have a cross-ex-
amination before trial of the other party as to matters which that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other party is compelled to prove at the trial as part of his affirmative case or counterclaim; but I do not think that that case, or the other cases cited by appellant, hold that a plaintiff cannot have an examination before trial of the defendant concerning allegations in the complaint which the plaintiff is bound to prove in the first instance in order to make out his cause of action. See Kornbluth v. Isaacs, decided by Mr. Justice Lehman in a carefully considered action; that case being affirmed by the Appellate Division in 133 N. Y. Supp. 737, on the opinion of Mr. Justice Lehman.

[2] The second point advanced by appellant is that the testimony sought to be elicited can be obtained from other sources; but, in order to sustain this contention, he cites cases either distinguishable from the one at bar or which have since been overruled by the decision of the Appellate Division in Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.