SCHNABEL et al. v. HANOVER NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. October 31, 1912.)

DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—FACTS NECESSARY TO DEFENSE.

Plaintiff sued to recover the amount of checks, the proceeds of which were improperly paid by defendant bank to others, covering a period of about four years, which plaintiff alleged bore his forged indorsements, and it appeared that the circumstances under which the alleged for-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

geries were made, the relation existing between the persons making the indorsements and plaintiff, his knowledge as to the forgeries, and when it was obtained, were solely within plaintiff's knowledge, and were essential to the defense. *Held,* that defendant was entitled to examine plaintiff before trial on the matters indicated to aid in the preparation of its defense.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Richard A. Schnabel and another against the Hanover National Bank of the City of New York. From an order vacating an order for plaintiff's examination before trial, defendant appeals. Reversed, and motion denied.

See, also, 137 N. Y. Supp. 727.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Bernard J. Douras, of New York City (Franklin Bien, of New York City, of counsel), for appellant.

Hirsch, Scheuerman & Limburg, of New York City (Henry L. Scheuerman, of New York City, of counsel), for respondents.

PER CURIAM. The plaintiffs bring this action to recover the amount of certain checks, eleven in number, covering a period of about four years, which checks, the plaintiffs allege, bore their forged indorsements, the proceeds being paid by defendant to persons other than to those entitled to receive them. The defendant interposed a denial to each of the plaintiffs' causes of action, and also a separate defense, which has already been disposed of, so far as this court is concerned. It is clear that the facts regarding the alleged forgeries, the circumstances under which they were made, the relations existing, if any, between the persons making the endorsements and the plaintiffs, their knowledge as to the forgeries and when obtained, etc., are peculiarly and solely within the knowledge of the plaintiffs, and are essen ial to the defendant's defense. We think the necessity for and the right to the examination of the plaintiffs before trial is fully shown in the defendant's moving papers, and the order for such examination should not have been vacated.

Order vacating order for plaintiffs' examination reversed, with $10 costs and disbursements, and motion denied, with $10 costs, date of examination to be fixed by lower court upon notice.

SEABURY and GUY, JJ., concur.

BIJUR, J. (dissenting). Defendant claims its right to an examination substantially on three considerations: First, that it does not know who the party in plaintiffs' employ may be whom they charge with having forged their name; second, that it does not know whether or not such person had authority to sign their name;

third, that it does not know who received the money on the forgeries, nor what names of banks or other persons are indorsed on the instruments alleged to have been forged.

As to the first point, it is apparent that proof that plaintiffs' name was forged must be made by plaintiffs. It is the very essence of their affirmative case; and I can see no necessity for an examination of plaintiffs by defendant in that respect. Indeed, examinations for such purposes are expressly discountenanced. Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846. Second. The fact that defendant has no information as to facts concerning the forger's alleged authority which it hopes exists and which if proved might form a defense is surely no ground for examining the adverse party, particularly as no such issue is raised by the pleadings. Reynolds v. Callan, 134 App. Div. 732, 119 N. Y. Supp. 135. Third. For an examination of documents which it may require in its defense defendant should apply for a discovery. The information which defendant apparently desires to elicit on the examination before trial is of a character to be obtained by a bill of particulars, a motion to make the complaint more definite and certain, or a discovery. It is not the function of an examination before trial to permit the party applying therefor to elicit information which it hopes may be of advantage to it upon the trial. The affidavit in the case at bar significantly omits to state that the deposition to be obtained will be read upon the trial. This fatal omission is not cured by any indication elsewhere in the moving papers that it is to be so used. On the contrary, I am inclined to the opinion, gathered from the moving papers and the brief of appellant's counsel, that the evidence expected to be obtained by the examination is not intended for use upon the trial. From the character of the issues and the papers submitted on the motion, such evidence appears likely to disprove rather than to sustain the defense.

The order should be affirmed.