(87 Misc. Rep. 445)

### VAN RIPER v. RAY et al.

(Supreme Court, Special Term, New York County. November, 1914.)

1. DISCOVERY (§ 51*)—EXAMINATION OF PARTIES—RIGHT.

To entitle a plaintiff to examine a defendant before trial, pursuant to Code Civ. Proc. § 872, and General Rules of Practice, rule 82, plaintiff must show, by specifying facts and circumstances, that the testimony to be taken is material and necessary for plaintiff or the prosecution of the action.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 65; Dec. Dig. § 51.*]

2. DISCOVERY (§ 55*)—EXAMINATION OF PARTIES—AFFIDAVIT—SUFFICIENCY.

In an action for alienation of a wife's affection, wherein the answer denied the allegations of the complaint that defendants conspired together and alienated her affections, an order for the examination of two defendants before trial, pursuant to Code Civ. Proc. § 872, and General Rules of Practice, rule 82, was unauthorized, where it was based on plaintiff's affidavit, which merely stated that his grounds for believing a conspiracy existed were conversations and correspondence, the specific contents of which were not disclosed.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Eugene S. Van Riper against Frank H. Ray and others. On motion to set aside an order for examination, before trial, of two defendants. Motion granted.

Thomas J. Meehan, of New York City, for plaintiff.

Davies, Auerbach & Cornell, of New York City (Charles H. Tuttle and Andrew Macrery, both of New York City, of counsel), for defendants.

PENDLETON, J.   This is a motion to set aside an order for the examination before trial of two of the defendants.   The action is for the recovery of damages for the alienation of a wife's affections, and the defendants are the father, mother, and stepfather of the wife, and the complaint alleges that they conspired together to, and did, alienate her affections.   The answers, made part of the papers, categorically deny all the charges.

[1, 2]   It is elementary (as true in one cause of action as another) that, to entitle a plaintiff to examine a defendant before trial, it must affirmatively appear, specifying facts and circumstances, that the *testimony* to be taken is material and necessary *for the plaintiff or the prosecution of the action.*   Code Civ. Proc. § 872; General Rules of Practice, rule 82.   The papers here fail entirely to show by any legal evidence that the testimony directed to be taken is material or necessary for the plaintiff.   For example: Plaintiff's affidavit alleges that the grounds for believing and the sources of his information as to the belief that the defendants conspired, etc., are conversations and correspondence *which would indicate* such conspiracy.   What they were does not appear.   That they would indicate something is a mere conclusion of affiants.   It is for the court, not plaintiff, to determine the necessity and materiality.   If part or the substance of such conversations and correspondence were set out, so that the court could see what they indicated, and thus determine whether the testimony as to them of the persons to be examined was or would be material and necessary for plaintiff or the prosecution of the action, a very different question would be presented.   In a somewhat analogous case (Ladenburg v. Commercial Bank, 87 Hun, 269, 33 N. Y. Supp. 821), the court says:

"The judge granting the attachment must be satisfied by the evidence presented, and he cannot be satisfied by the satisfaction of the affiant.   It is not the plaintiff that is to be satisfied, but the judge granting the attachment; and there is no judicial reason for the judge's satisfaction simply because the plaintiff is satisfied. * * * The affiant is satisfied of the fact because of the cable; but what is in the cable the court is not informed, and it is impossible for it to tell whether the affiant's satisfaction is justified by the cable or not. * * * The court is entitled to know what the writings are, in order to see whether the affiant is justified in his belief or not."

The most that can be said of these papers, taking them all together, is that plaintiff desires to examine these two defendants, to see whether or not their testimony will be material and necessary for him, and whether he can extract something which may possibly in some way, directly or indirectly, be useful.   Such is not the purpose or scope of these provisions of the Code.   In Vogel Co. v. Backer Construction Co., 148 App. Div. 639, 133 N. Y. Supp. 225, the court says:

"It seems to us manifest that the examination was not applied for in good faith, in the expectation that material and necessary testimony for the plaintiff would be elicited, and the rule is now definitely settled that an examination of an adverse party before trial is only allowed to enable the party applying for the examination to obtain testimony to establish his case or defense, as the case may be, or to meet and overcome the case or defense of the other party. The purpose of the examination is not to enable one party to pry into the case or defense of his adversary. No reasonable ground is shown to believe that the defendant's president will swear directly to the contrary of what he has sworn in the answer."

In Weeks v. Whitney, 146 App. Div. 621, 131 N. Y. Supp. 408, an order for the examination of a defendant was set aside on the ground that it did not appear that the plaintiff had any good ground for believing that the testimony of defendant would establish the falsity of his own allegations of fraud contained in his verified answer. While the tendency of late decisions is to liberality in the matter of allowing the examination of parties before trial, when it is apparent the testimony to be taken is or will be material and necessary for the party applying, it was never intended to countenance mere fishing expeditions, to see whether or not evidence of a cause of action could be found. Motion granted, without prejudice to another application.

Motion granted, without prejudice to another application.