## CENTURY HOLDING CO. v. EBLING BREWING CO.

(Supreme Court, Appellate Term, First Department. April 15, 1915.)

1. DISCOVERY ⊛⟶73—EXAMINATION BEFORE TRIAL—GOOD FAITH.

In an action to hold defendant as the assignee of a lease from plaintiff to S., where the answer admitted an assignment by S. to defendant, but alleged that it was by means of a deed poll as collateral security, denied that defendant took possession, and alleged that defendant had assigned to an unnamed assignee, plaintiff was entitled to examine defendant before trial concerning its relations with S., and it was error to limit the examination to the mere production of the assignment, as the desired examination related to a transaction concerning the general purport or legal significance of which the opposing parties might well differ, and did not fall within the rule denying an examination where the contradictory allegations of the complaint and answer relate to a physical fact or conversation, on the ground that plaintiff cannot in good faith expect defendant to prove what it has denied in its answer.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 88; Dec. Dig. ⊛⟶73.]

2. DISCOVERY ⊛⟶73—EXAMINATION BEFORE TRIAL—SCOPE OF EXAMINATION.

Plaintiff was also entitled to examine defendant concerning the transaction between it and the unnamed assignee.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 88; Dec. Dig. ⊛⟶73.]

Appeal from City Court of New York, Special Term.

Action by the Century Holding Company against the Ebling Brewing Company. From so much of an order as modifies an order previously made for examination of defendant before trial, plaintiff appeals. Reversed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Aronson & Salant, of New York City (Louis Salant, of New York City, of counsel), for appellant.

Eugene Cohn, of New York City, for respondent.

BIJUR, J. The complaint seeks to hold the defendant as assignee of a lease granted by plaintiff to one Schultz. The answer, apart from denials, contains the admission of some form of assignment of the lease by Schultz to the defendant, alleging, however, that it was by means of a "deed poll * * * as collateral security" for a loan, denies that the defendant entered into possession, and alleges, further, that "for the purpose of divesting itself of all and singular its right, title, and interest in the said lease" defendant "did execute and deliver its certain deed poll, wherein it did grant and convey unto the assignee therein described" all its right to said lease—the assignee not being named or further described.

[1] The original order for the examination of defendant covered substantially all the issues raised by the pleadings, and required defendant to produce all papers executed by Schultz to itself, and also the "deed poll" from defendant to the unnamed assignee, and any other papers between them. The order appealed from limits the examina-

⊛⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion "to possession of the premises," and to "produce, if it is in its possession, the lease from Schultz to the defendant, or any assignment thereof." It seems to me that the limitation of the examination, so far as the relations of Schultz and the defendant are concerned, to the mere production of the assignment of the lease is incorrect, and the limitation to the question of possession, is apparently based on an erroneous view of the law. See Seventy-Eighth Street, etc., Co. v. Purssell Co. (App. Div., First Dept.) 152 N. Y. Supp. 52; also Adams v. Koehler & Co., 136 App. Div. 623, 121 N. Y. Supp. 390. Plaintiff is entitled to examine the defendant in order to prove the assignment of the lease by Schultz and its acceptance by defendant, together with the circumstances and accompanying documents.

Defendant's claim that plaintiff cannot, in good faith, expect defendant to prove what it has denied in its answer, is not justified by the circumstances of this case. The contradictory allegations of the complaint and the answer, respectively, do not relate to a physical fact or a conversation such as were involved in the cases cited by defendant (Weeks v. Whitney, 146 App. Div. 621, 131 N. Y. Supp. 408; Vogel Co. v. Backer Co., 148 App. Div. 639, 133 N. Y. Supp. 225; Lerner v. Kraus, 147 N. Y. Supp. 32; see, also, Skolny v. Richter, 139 App. Div. 534, 124 N. Y. Supp. 152), but falls plainly within the distinction pointed out by Mr. Justice Lehman in Kornbluth v. Isaacs, affirmed on his opinion, 149 App. Div. 108, 133 N. Y. Supp. 737, as a matter involving a transaction concerning the general purport or legal significance of which the opposing parties may well differ radically.

[2] Regarding the further subject covered by the original order for examination, namely, the transaction between defendant and its alleged unnamed assignee, I think that both the language and the spirit of Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318, authorize the examination.

The order appealed from is therefore reversed, with $10 costs and disbursements to appellant. All concur.