### SCHWEINLER v. EARL et al. (No. 7645.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

DISCOVERY ⬤⟿32—EXAMINATION BEFORE TRIAL—GROUNDS FOR DENIAL.

    Plaintiff sued the president of a bank for fraudulent representations as to the financial condition of the bank, whereby he was induced to purchase stock therein, and alleged, upon information and belief, facts as to its financial condition. Defendant denied substantially all the material allegations of the complaint except that plaintiff purchased the stock. *Held*, that plaintiff was entitled to examine defendant before trial, and such examination could not be denied on the ground that it could not be presumed that anything could be elicited from defendant to support allegations which he had denied, though his denial might be considered upon the question of plaintiff's good faith in seeking the examination.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. ⬤⟿32.]

Appeal from Special Term, New York County.

Action by Charles Schweinler against Edward Earl and others. From an order denying a motion to vacate an order for the examination of the defendant named before trial, he appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Selden Bacon, of New York City, for appellant.
MacDonald De Witt, of New York City, for respondent.

SCOTT, J. The plaintiff sues for damages because, as he alleges, he was induced to purchase, at much above its value, stock of the National Nassau Bank through misrepresentations as to the financial condition of the bank made to him by the defendant, including the appellant, who was its president. He states with some detail, upon his information and belief, facts concerning the real financial condition of the bank, which as his complaint is framed it will be necessary for him to prove upon the trial. By his answer the appellant denies substantially all of the material allegations of the complaint, except that · plaintiff purchased stock of the bank.

The motion to vacate the order for appellant's examination is made upon the ground that, because appellant has denied in his answer under

oath the allegations of the complaint, it is not to be presumed that any-thing can be elicited from him upon an examination to support those allegations. Of course, if the potency of this objection be conceded, the provision for an examination of a party before trial would soon become a dead letter. We do not consider that it can be conceded. Appellant cites us to a number of cases in which orders for examina-tion have been vacated because in the opinion of the court the exam-ination has not been applied for in good faith, but for the ulterior pur-pose of inquiring in advance into the case of the party sought to be examined. In those cases, or in some of them, the court, as one of the evidences of bad faith, has referred to the fact that the party sought to be examined has denied under oath the facts ostensibly sought to be elicited from him upon the examination. All of those cases and many others were considered by Mr. Justice Lehman in an opinion which was adopted by this court (Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737), in which case, as in the present, the action was based upon the alleged fraud of the defendants in inducing plaintiff, by false representations as to value, to purchase property at a price far above its real value, and the answer denied all the fraudulent acts charged. The same objection to the examination was made in that case as is made here, and was, as we then thought and still think, completely answered. It is unnecessary to repeat Mr. Justice Lehman's review of the authorities cited by him, and now cited to us; but we may, by way of emphasis, quote and reaffirm our concurrence in a few passages from his opinion. He said:

"While in many instances the fact that the adverse party denied the acts must be considered upon the probability of the good faith of the moving par-ty in seeking the examination, yet where from the nature of the action it seems probable that the plaintiff will be bound to produce these adverse wit-nesses to prove his cause of action, there is no reason why the examination should not be ordered. * * * In the case before me, however, the exami-nation is sought upon issues which the moving party must establish, and while it is not probable that he can obtain any testimony in direct contra-diction of the facts sworn to by the defendants, it may well be that he will be able to elicit testimony as to surrounding circumstances from which the inference of fraud which the plaintiff is bound to establish may be drawn. It seems to me that these cases have left untouched the salutary rule that, when the court can see that a party actually desires the testimony of an ad-verse party upon the issues which he must prove, he should be allowed to ob-tain an examination before trial, and should not be placed in the position of being obliged to await the trial to find out whether the adverse party will give the testimony which he desires to elicit."

The case from which we have quoted furnishes a complete authority for the order appealed from. It will therefore be affirmed, with $10 costs and disbursements. Order filed. All concur.