BRUCATO v. SCIORTINO.

(Supreme Court, Appellate Term, First Department.　June 14, 1916.)

1. DISCOVERY ☞38—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER.
     In an action for damages for loss of goods at sea, where defendant specifically denied an allegation in the complaint that he had agreed to insure the property against all loss, and that the goods were consigned to the defendant's agents, it being apparent that the examination before trial is for the purpose of cross-examination, the examination of the defendant on this point will not be allowed.
     [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. ☞38.]

2. DISCOVERY ☞38—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER.
     Where there was no allegation in a complaint as to the indentity of defendant's agent, but the third paragraph contains a parenthetical description of "M." as the "agent of the defendant," on the theory that by a denial of the paragraph defendant has put the supposed allegation in issue, he may be examined before trial as to the agency of "M."
     [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. ☞38.]

Appeal from City Court of New York, Special Term.

Action by Frank A. Brucato against Peter Sciortino. From an order denying defendant's motion to vacate an order for his examination before trial, he appeals. Order modified and affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Finkler & McEntire, of New York City, for appellant.

Rabe & Keller, of New York City (James A. Davis, of New York City, of counsel), for respondent.

BIJUR, J.　[1] This action is brought to recover damages arising out of the loss at sea of a shipment of lemons, which plaintiff alleges defendant had agreed to insure "against all loss," and which plaintiff's assignor had agreed to consign to defendant's agents.　Plaintiff alleges that the goods were so consigned, but that defendant had failed to insure them against loss at sea.　Defendant specifically denies that he agreed to insure said shipment against all loss, and that the bills of lading were to be made out to the order of his agents.

It is difficult to understand how in this condition of the pleadings plaintiff can truthfully say that he intends to use defendant's deposition upon the trial, or to avoid the inference that the examination is sought purely for the purpose of cross-examination.　The state of

the pleadings clearly shows that this case is not within the rule of Kornbluth v. Isaacs, 149 App. Div. 109, 133 N. Y. Supp. 737, to the effect that, even though defendant denied the allegations of the complaint, if it be reasonable to suppose that defendant can testify to facts or circumstances tending to prove plaintiff's version of the transaction and to disprove defendant's, the examination should be allowed. In the case at bar it is evident that defendant's contention is limited to a denial that he agreed to insure the shipment "against all loss," while plaintiff's claim is that defendant so agreed.

[2] Plaintiff urges that at all events he is entitled to examine defendant to prove that John Monroe & Co. was defendant's agent. I cannot find an allegation to that effect in the complaint, though there is in the third paragraph thereof a parenthetical description of John Monroe & Co. as "the agents of the defendant," and it may be that by a denial of that paragraph defendant has put that supposed allegation in issue.

As it seems quite unobjectionable to examine defendant on that point, the order will be modified, by excluding from the examination any fact except as to the agency of John Monroe & Co., and, as so modified, affirmed, with $10 costs and disbursements to appellant. All concur.