SADIE G. BRADBURY, Plaintiff, *v.* FRANK GIBBONS,
EDWARD J. RYAN, EDWARD GIBBONS, JR., MARGARET
RYAN and MARY BARDEN, Defendants.

(Supreme Court, Oneida Special Term, November, 1916.)

Depositions — when order for examination before - trial granted —
slander — pleading — Code Civ. Pro. § 873.

Where the court in its discretion grants an order for the
examination of a party before trial, the examination need not
be limited to an affirmative cause of action or an affirmative
defense.   Whether the moving papers on such a motion pre-
sent a case for the order asked for is a matter for judicial
determination.

Where an issue of fact is presented to be determined upon
the trial of the action, and it appears that a party thereto
has knowledge of facts which are material in the determination
of such issue, his adversary may take that party's deposition
for use at the trial.

Under section 873 of the Code of Civil Procedure the extent
and scope of the examination of a party before trial rests in
the discretion of the judge granting. the order.

Where in an action for slander the complaint charges all
of the defendants with conspiracy to defame and injure plain-.
tiff and specific overt acts pursuant thereto by some of the
defendants, and proof of the conspiracy will probably have to
be obtained from the defendants, and though the utterance of
the alleged slander and the names of those who heard it can
be proved at the trial by witnesses other than defendants,
plaintiff, though the answer contains a general denial, may be
granted an order for the examination before trial of defend-
ants on the points whether there was a conspiracy and, if so,
the time and place, and whether they uttered the slander on
the dates as alleged.

MOTION to vacate an order for examination before
trial granted *ex parte.*

Charles R. Bradbury, for plaintiff.

Senior & Sisson, for defendants.

CROUCH, J. Out of the welter of decisions relating to examination of a party before trial, a few high lights catch the eye.

A party may, in the discretion of the judge to whom application is made, have a general examination of his adversary, which need not be limited to an affirmative cause of action or an affirmative defense. *Herbage* v. *City of Utica,* 109 N. Y. 81.

That takes care of the power. Whether the moving papers present a case for the exercise of the power is a matter for judicial determination. *Matter of Davies,* 168 N. Y. 102.

In the first and second departments substantially the following rule for guidance in such judicial determination was laid down some years ago: Where an issue of fact is presented to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, his adversary may take that party's deposition for use at the trial. *Goldmark* v. *United States Electro-Galvanizing Co.,* 111 App. Div. 526; *McKeand* v. *Locke,* 115 id. 174; *Shonts* v. *Thomas,* 116 id. 854.

The Code says ". material *and* necessary." Apparently, under the above rule, all material testimony is deemed necessary because it is material. Material testimony may also be necessary testimony for other reasons.

Of course, it must also appear that the application is made in good faith and for no ulterior purpose.

The flood of applications let loose by the above cited and other decisions made necessary various modifica-

tions and exceptions to the general rule. It seems impossible to formulate these in any general terms. About all that can be said of the present practice is that the application will be granted if the moving papers are technically sufficient, if the essentials prescribed in the general rule above mentioned exist and if, in the opinion of the judge, upon all the facts before him the cause of justice will on the whole thereby be advanced.

The extent and scope of the examination when permitted rests in the discretion of the judge under the express provision of section 873 of the Code.

There is nothing to show that the policy in this department is opposed to the practice as stated above. The matter is one which must be left flexible.

This is an action for slander. The complaint charges a conspiracy by all defendants to defame and injure plaintiff and specific overt acts pursuant thereto by some of the defendants including Mary Barden and Margaret Ryan. The answer is a general denial. Upon demand made plaintiff furnished a bill of particulars satisfactory to defendants as to her claim against Mary Barden and Margaret Ryan, giving the place and date of the utterance of the alleged slander and the name of at least one person who heard it. Thereafter an order was made for an examination of Mary Barden and Margaret Ryan concerning all matters alleged in the complaint. This is a motion to vacate that order. That portion of the original affidavit tending to show necessity based upon the demand for a bill of particulars is obsolete. Defendants are content with the information furnished.

There is left then merely what appears on the face of the pleadings supplemented by the bill of particulars. From these it appears there is an issue of fact; also, if there be a cause of action at all, that

defendants have knowledge of the facts material in that issue. The denial in the answer is not necessarily conclusive. *Kornbluth* v. *Isaacs,* 149 App. Div. 108. If it were, there never could be an examination where there was a general denial. Proof of the conspiracy will probably have to be obtained out of the mouths of defendants. That fact is an illustration of necessity arising from something else than materiality. Obviously the utterance of the slander and the names of the persons who heard it can be proved at the trial by witnesses other than defendants. But that is no objection (*La Fourrure* v. *Newman,* 150 App. Div. 930) though it may probably be considered on the question of good faith.

I think plaintiff is entitled to examine the two defendants named on the following points:

1. As to whether defendants conspired to defame plaintiff; and, if so, the time and place.

2. Mary Barden as to whether she uttered on July 19, 1916, the slander charged; Margaret Ryan as to whether on July 20, 1916, she uttered the slander charged.

Anything further than this would probably be unwarranted cross-examination and would serve no good purpose.

The original order may be vacated except as indicated above, without costs.

Ordered accordingly.