### SKOLNY et al. v. RICHTER.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

DISCOVERY (§ 58*)—ORDER FOR EXAMINATION OF DEFENDANT—SUFFICIENCY.

A complaint for the dissolution of a limited partnership was based on the act of the special partner in inducing named employés of the partnership to leave their employment, form a new partnership, and conduct a rival business. The answer put in issue the allegations of the complaint, except that relating to the formation of the other firm with the named employés, which was not denied and made affirmative defense that the named employés left their employment on their own accord and that defendant became special partner with the consent of plaintiff. *Held*, that an order for the examination of defendant should be limited to the allegations put in issue by the answer.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Joseph Skolny and Leo Skolny against Max Richter. From an order denying defendant's motion to vacate an order for his examination before trial, defendant appeals. Reversed, and order for examination modified.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Julius Henry Cohen (Theodore B. Richter, on the brief), for appellant.

John Frankenheimer (Walter Frank, on the brief), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. The action is brought for the dissolution of a limited copartnership, formed by the plaintiffs and the defendant under the firm name of Joseph Skolny & Co., for the manufacture and sale of clothing, on the 10th day of February, 1906, and for an accounting. By the copartnership articles the defendant became a special partner and contributed $80,000 capital, and the copartnership was to continue until the 1st day of December, 1911. The grounds alleged in the complaint for the dissolution of the copartnership prior to the expiration of its term are that during the latter part of November or the fore part of December, 1908, the defendant secretly entered into an agreement with one Remington, the chief salesman, and one Sinclair, the credit man and confidential bookkeeper of the firm, who had become thoroughly familiar with its business, to form a limited copartnership with them to carry on the same line of business in the same locality, the defendant to become a special partner and to invest $25,000 capital, and that he secretly sought to entice and induce from the firm, to become employés of the new firm, its designer of patterns, its head cutter, and the head of its trimming department, and thus to disrupt the business of the firm, and that the firm was compelled to increase the salaries of said employés at an additional annual expense of over $3,000 in order to retain their services; that thereafter, and on or about the 5th day of January, 1909, the defendant entered into a limited copartnership on the terms aforesaid with said named employés of the plaintiffs' firm under the firm name of L. E. Remington & Co., to continue for the period of 20 years; that the new firm entered upon competing business with the old firm in the same locality, and is competing for the business, trade, and custom of the old firm; that this will necessarily impair its business and diminish its earnings and profits; that these matters constitute a breach of the copartnership agreement, and entitle the plaintiff to a dissolution thereof, and also to an accounting, provided the court decides that the defendant is entitled to share in the profits.

The defendant admits, by not putting in issue, the allegations of the complaint to the effect that he formed a new limited copartnership for the purpose of carrying on similar business to that conducted by the firm of Joseph Skolny & Co., and as a special partner contributed $25,000 capital. The defendant, by his answer, puts in issue the other material allegations of the complaint, excepting those relating to the formation of the copartnership between him and the plaintiffs, and the connection of Remington and Sinclair with the firm of Joseph Skolny & Co., and then for a further separate defense alleges in substance that Sinclair and Remington had of their own accord determined to leave the employ of Joseph Skolny & Co., and that he became a special partner with them with the knowledge, acquiescence, and consent of the plaintiffs, and that he took no part in the conduct of the business of Joseph Skolny & Co., or in the business of L. E. Remington & Co., and was unfamiliar with the practical management of the affairs of either firm, and he claims, in addition to interest on his money in each firm, an interest in the profits.

The order for the examination of the defendant requires him to submit to an examination and to testify "concerning the matters stated

in" the affidavits upon which the order was granted. Those affidavits were only made by the plaintiff Joseph Skolny and by the attorney for the plaintiffs. The affidavit of the attorney merely shows that no previous application has been made, and that, in his opinion, an examination of the defendant is material and necessary in order to enable the plaintiffs "to properly proceed with the prosecution of this action and to prepare for the trial thereof." The other affidavit, in addition to stating the necessary formal matters and setting forth the substance of certain allegations of the complaint and of the answer, states that the examination of the defendant is necessary to enable plaintiffs properly to prepare for trial, for the reason that it will be necessary for the plaintiffs to establish the allegations contained in paragraphs numbered 6, 7, 9, and 10 of the complaint "concerning the arrangement or agreement between the defendant" and Remington and Sinclair "to form a limited partnership to carry on the same line of business, the time when such arrangement or agreement was made, and all the facts and circumstances connected therewith; the knowledge defendant had of the efforts made by said Remington and Sinclair, or either of them, to entice away plaintiffs' employés, and concerning all other matters set forth in paragraphs 6, 7, 9, and 10 of the complaint, and also concerning the nature of the business carried on by the limited partnership of L. E. Remington & Co., whether as a rival of plaintiffs' firm and as a competitor for plaintiffs' trade and custom, as alleged in paragraph 10 of the complaint, and whether the defendant has been or is active in furthering the interests of L. E. Remington & Co., as against plaintiffs' firm or otherwise, and also concerning the alleged acquiescence and consent of the plaintiffs in and to defendant's becoming special partner in the limited partnership of L. E. Remington & Co."; that plaintiffs have no personal knowledge of the allegations contained in the complaint concerning which they seek the examination of the defendant, and "they intend in good faith to use such testimony upon the trial of this action."

Although, as has been seen, it is stated in the moving papers that the examination is desired to enable plaintiffs to prepare for trial, yet it is expressly stated that it is intended to use the evidence upon the trial, and that is rendered extremely probable by the nature of the issues. If, as the plaintiffs allege, they have information that the defendant induced certain employés of Joseph Skolny & Co. to leave that firm and to form a copartnership with him for the purpose of competing in the same line of business, it is manifest that the defendant can give material direct evidence upon that issue, and this course may result in eliciting the truth more satisfactorily than by the examination of different witnesses with respect to isolated facts and circumstances bearing upon these issues. We are of opinion, however, that the order is too broad. It authorizes a general examination of the defendant, both with reference to the issues presented by the complaint and those arising on the affirmative defense, and in fact authorizes an examination with respect to paragraph 9 of the complaint, which stands admitted. The date of the alleged acquiescence and consent of the plaintiffs to defendant becoming a member of the new firm is stated, and it appears from the correspondence that the defendant

bases this acquiescence and consent upon a conversation with the plaintiffs at the time specified. No necessity is shown for an examination of the defendant with respect to his version of that conversation, nor is any fact or circumstance shown to indicate that his examination would show that the plaintiffs did not consent or acquiesce in his becoming a member of the new firm. The provision of the order, therefore, authorizing the examination of the defendant with respect to his affirmative defense, must rest upon the bald proposition that a party is entitled to examine his adversary with respect to a conversation that took place between them, which is nothing more nor less than requiring the adverse party to disclose his evidence in advance of the trial, without even the excuse that it probably will or may tend to shorten the trial and obviate the necessity of calling the plaintiffs on that issue.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the order for the examination of the defendant modified, by confining it to the allegations of the complaint put in issue by the answer, not, however, involving the accounting. All concur.