## STORER v. HARRIS.

(Supreme Court, Appellate Term, First Department.   May 22, 1913.)

1. DISCOVERY (§ 41*)—EXAMINATION OF PLAINTIFF BEFORE TRIAL—MATTERS PROVED BY DEFENDANT.

In an action to recover for medical services, where plaintiff's claim was for $588, and where the establishment of the agreement pleaded by defendant that the total expense would be $300 depended upon a conversation between plaintiff and defendant, as to which their versions would be conflicting, but of which defendant's testimony would be ample and competent evidence, the examination of plaintiff before trial in respect thereto should be denied.

· [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

2. DISCOVERY (§ 41*)—EXAMINATION—SUBJECT-MATTER.

In an action for an operation upon defendant's wife, and for the services of a physician and surgeon, who had assigned their claims to plaintiff, the defendant pleaded that plaintiff had represented that she would recover within two weeks, which was untrue, that plaintiff was not a surgeon, and that defendant's wife had died, and also pleaded want of good judgment and reasonable care on plaintiff's part. *Held* that, as the alleged misrepresentation could not be regarded as representations of fact, defendant was not entitled to examine plaintiff before trial on that issue, but was entitled to examine plaintiff on the issue of malpractice.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Cross-appeals from City Court of New York, Special Term.

Action by John Hudson Storer against Mark Harris. From the disposition of the City Court of the City of New York of an order for the examination of plaintiff before trial, the parties take cross-appeals. Modified and affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Stanley Holcomb Molleson, of New York City, for plaintiff.

Einstein, Townsend & Guiterman, of New York City (S. G. Nissenson of New York City, of counsel), for defendant.

BIJUR, J.   [1, 2] The complaint sets out three causes of action—the first for medical services of plaintiff, rendered in an operation upon defendant's wife; the second and third for the medical services of two others, a physician and surgeon, respectively, who have assigned their respective causes of action to the plaintiff.

The answer consists of what is substantially a general denial, except that plaintiff's services are admitted.   As a first separate defense, it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sets out that· plaintiff "offered, as a physician and surgeon, to attend to the operation and treatment, and that the total expense of said operation and treatment would be the sum of $300." As plaintiff's claim for his individual services is $588, this is, no doubt, a partial defense to that claim, but its relation to the assigned claims is not clear. The second defense is, in substance, that plaintiff "misrepresented" the nature of defendant's wife's disease, "represented" also that she would recover within two weeks, all of which was untrue, that plaintiff was not a surgeon, and that defendant's wife died. As a third separate defense, defendant pleads what is equivalent to malpractice, or rather want of good judgment and reasonable care on plaintiff's part.

After an order permitting an omnibus examination of plaintiff on practically all the issues raised by these pleadings had been granted, the order was modified by permitting an examination only concerning the alleged agreement to render all the services necessary at a total cost of $300.

It appears to me that the establishment of the agreement pleaded by defendant depends upon a conversation between plaintiff and defendant, as to which, manifestly, plaintiff's version must be different from defendant's, but of which defendant's testimony will be ample and competent evidence. In that respect, therefore, the examination of plaintiff should be denied. See Skolny v. Richter, 132 App. Div. 680, 117 N. Y. Supp. 297; also Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737, affirming, on the opinion below, an order of Mr. Justice Lehman.

As to the second separate defense, namely, the "misrepresentations," I am unable to understand how the statements claimed to have been made by plaintiff, as pleaded, can in any aspect be regarded as representations of ·fact.

As to the third separate defense, namely, malpractice, and regardless of the question whether the issues thereby raised might be proved under a general denial, I think that the defendant is entitled to examine the plaintiff.·

Order modified, by limiting the examination of· the plaintiff to the issues raised by defendant's third separate defense, and, as modified,. affirmed without costs to either party. All concur.