WALLACE v. WHITE.

(Supreme Court, Appellate Term, First Department.   May 16, 1916.)

DISCOVERY ☞40—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—FACTS SUPPORTING DEFENSE.

Where, in a suit on an installment contract, the contract and nonpayment are admitted, and the defense is the arising of a contract contingen-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cy excusing continued payment of installments, plaintiff is not entitled to an order allowing him to examine defendant as to the defense, where he does not show that such examination is material and necessary for him to avoid, rather than deny, the defense pleaded.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⊕⇒40.]

Appeal from City Court of New York, Special Term.

Action by W. Carlile Wallace against William Albert White. From an order of the City Court, denying his motion to vacate an order for his examination before trial, defendant appeals. Reversed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Lesser Brothers, of New York City (Jacob L. Kornicker, of New York City, of counsel), for appellant.

Jerome C. Jackson, of New York City, for respondent.

GUY, J.   Plaintiff's first cause of action, which is the only one material upon this appeal, is upon a written instrument dated March 13, 1913, by which the defendant, in consideration of the transfer to him of the plaintiff's rights to certain letters patent, paid the sum of $250, and further agreed to pay plaintiff $150 annually for a period of 10 years, beginning March 13, 1914.   The complaint alleges the breach of the agreement by defendant's failure to pay the annual installments which became due in 1914 and 1915.   Under paragraph third of the contract it was agreed:

"That in the event of the business of the party of the second part [defendant] conducted under the aforesaid inventions not warranting any of the aforesaid annual payments, and upon the party of the second part satisfying the party of the first part to that effect, then such annual payment or payments thus effected shall not be paid."

The defendant in his answer, after denying certain allegations of the complaint, alleges that the defendant's business has not heretofore and does not warrant any of the annual payments provided by the agreement, that the business has never been conducted under the invention, and that the invention has never been used by the defendant. Plaintiff procured an order for defendant's examination "concerning the matters relevant to the issues in the first cause of action and set forth in the affidavit," upon an affidavit stating:

That the testimony of the defendant "as to the use of the invention from the date of the assignment and during the period sued for, the character and amount of its use, are necessary and material to the establishment of plaintiff's cause of action and in reply to the defense interposed.   *   *   *   Plaintiff desires to examine in advance of the trial to properly present his cause of action, and desires to examine upon the material allegations of the complaint within the personal and distinct knowledge of the defendant."

Assuming, as both parties have, that the order is broad enough to warrant defendant's examination with respect to the defense pleaded, the motion to vacate should have been granted, because no facts are stated showing that the examination is material and necessary for the plaintiff.   The execution and delivery of the written contract and non-payment of the installments are admitted, and plaintiff can establish a prima facie case by merely putting the agreement in evidence.

The learned judge at Special Term states in his opinion that the examination would be allowable for the purpose of permitting plaintiff to avoid the separate defense set up in the action, citing Schweinburg v. Altman, 131 App. Div. 795, at page 799, 116 N. Y. Supp. 318, at page 322. That was a case for breach of a written contract, and the defense was cancellation by its terms, and the court said:

"Where a defense has been set up which, if established and unanswered, would destroy the cause of action, if the plaintiff in his moving papers shows that he desires an examination of the defendant, not for the purpose of disclosing the defense, which has already been disclosed by the answer, but to avoid it, then such evidence is material and necessary to the plaintiff's cause of action, because without it that cause would be gone. Under such circumstances the examination may be had."

But there is no fact stated in the moving affidavit from which it appears that plaintiff desires the examination so as to "avoid" the defense pleaded, and it is evident that to allow the order to stand would simply permit the plaintiff to cross-examine the defendant as to matters constituting his alleged defense in advance of the trial. H. G. Vogel Co. v. George Backer Constr. Co., 148 App. Div. 639, 133 N. Y. Supp. 225; Skolny v. Richter, 132 App. Div. 680, 117 N. Y. Supp. 297.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.